IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 95-20576
(Summary Calendar)

MARION "BILL" MERICLE,

Plaintiff-Appellant,

versus

WAL-MART STORES, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
(CA-H-94-807)

April 30, 1996

Before WIENER, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Marion "Bill" Mericle appeals from the take-nothing judgment as a matter of law rendered by the district court following the close of Plaintiff's case. Mericle complains that, in his jury trial, the district court erred in finding that Mericle's principal third-party witness was not credible and in excluding certain documentary evidence which Mericle sought to adduce.

We have carefully reviewed the record in this case and the applicable law and arguments of counsel as set forth in their

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

respective briefs to this court, and find no reversible error on the part of the district court.

In reviewing a grant of judgment as a matter of law, we must consider all of the evidence presented with all reasonable inferences in the light most favorable to the Plaintiff. *London v. MAC Corp. of America*, 44 F.2d 316, 318 (5th Cir. 1995). The motion is properly granted if the facts and inferences point so strongly in favor of the movant that a rational jury could not arrive at a contrary verdict. *Id.* If there is substantial evidence of such quality and weight that reasonable and fair-minded jurors might reach a different conclusion -- then the motion should have been denied. *Id.* There was ample evidence from which a jury could conclude that there was an alcohol spill on the floor where Mericle fell. However, the district court held that there was no evidence that Wal-Mart had actual knowledge of the spill or that the spill had been on the floor long enough that Wal-Mart would have discovered it with the exercise of reasonable prudence. We agree.

Finally, the district court's evidentiary rulings are afforded considerable deference under the abuse of discretion standard of review. *Johnson v. Ford Motor Co.*, 988 F.2d 573, 578 (5th Cir. 1993). We find no abuse of discretion in the district court's evidentiary rulings.

For the foregoing reasons, the judgment of the district court is, in all respects,

AFFIRMED.